**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30327 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-00209-HA |
| v. | |
| CALEB JOSEPH PRICE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted May 8, 2012
Portland, Oregon

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

Caleb Joseph Price appeals the revocation of his term of supervised release on the ground that the revocation violated his due process right to confront witnesses against him. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

In supervised release revocation proceedings, a releasee "enjoys a due process right to confront witnesses against him." *United States v. Hall*, 419 F.3d 980, 986 (9th Cir. 2005). To determine "whether the admission of hearsay evidence violates the releasee's right to confrontation in a particular case, the court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999).

Price had a strong interest in confronting Keisha Kagawa, the key witness against him. The evidence of Kagawa's statements to the police officer, probation officer, Price's neighbor, and Price's boss was crucial to the court's ultimate finding; it was the government's only evidence that Price was responsible for the assault. *See Hall*, 419 F.3d at 987; *Comito*, 177 F.3d at 1171. Moreover, Kagawa's statements were oral and unsworn, the "least reliable form of hearsay," *Comito*, 177 F.3d at 1171.

The government made no showing of good cause to justify denying Price his right to confront Kagawa. It made no efforts to produce Kagawa at the hearing; it did not explain to the district court its failure to produce her; and its post-hearing unsworn representations in a brief to the court could not establish good cause. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137 (9th Cir.

2

2001) ("[U]nsubstantiated versions of events proffered by counsel on appeal are, of course, not evidence."). Accordingly, the absence of Kagawa at the revocation hearing violated Price's due process right to confrontation.

The violation was not harmless. Without the hearsay evidence, there was evidence only that Kagawa had been assaulted – not that Price was the culprit. *See Comito*, 177 F.3d at 1170-71, 1173.

The order of the district court revoking Price's supervised release is reversed, and the case remanded for further proceedings.

**REVERSED and REMANDED.**